We'll proceed to our next case this morning, and that is Zhu v. Barr. All right, I think we have both counseled. You may proceed, Ms. Huang. May I please the court? Good morning, Your Honors. I am the attorney for the petitioner, Mrs. Zhu. My name is Jean Wang. Before I start, the court will allow me to thank this court for not making me fly in this pandemic from New York to Chicago and denying the respondent's motion to cancel this oral argument so that I may speak to Your Honors today. And regardless of how you decide this petition, I would like to just say that I am honored to appear before this panel today. The issue here is not jurisdiction but cancellation. Mrs. Zhu did not forfeit her that was not available to her before the Supreme Court's decision in Pereira in 2018. The court's grasp of Pereira's facts, especially from Chen v. Barr, is clearly erroneous. And if the court uses those same reasons to deny Mrs. Zhu, then that would be clearly erroneous, as I will lay out here. The Pereira's facts, you can glean from the First Circuit's decision. And Pereira did not win on his facts. He won on the law. So the facts from Pereira cannot be compared because it's incomparable. For example, the court statement in Chen v. Barr that Pereira had applied for cancellation at his first opportunity is wrong. What happened with Pereira, the person, is that he came in in the year 2000 as a nonimmigrant visitor, and he overstayed for six years before he was picked up by ICE for a criminal reason. That's how ICE knew of him, from the criminal case. And then he didn't appear at his first appearance, which would have been in Boston Immigration Court in that year, well, in 2007, which was his scheduled appearance, saying that he didn't receive notice of it. But he received the NTA, and so he knew he was in proceedings. So per the regs, he should have informed ICE of his change of address, if any, or any corrections to his address of a P.O. Box versus a Martha Vineers physical address. So... So Ms. Wang, I wonder if I could cut through this because our time, regrettably, is short. Of course. There is a circuit split after the Supreme Court's Pereira decision on this idea of a two-step rule that a defective notice to appear can be perfected through a later notice, and that that would affect a cancellation proceeding, not jurisdiction, but a cancellation proceeding. And the Supreme Court has decided it's going to address that issue in Nies-Chavez. So I want to know whether your case is different from Nies-Chavez, whether you have anything to add through that lens. Well, Your Honor, the two-step process for curing cancellation, and we're just talking about cancellation, not jurisdiction. I understand that. Right. Was decided, but was... This Court had a prior decision of accepting the two-step process pre-Pereira, as well as other circuits pre-Pereira, right? And so that's what Pereira changed. And the BIA had a case pre-Pereira in a matter of Camarillo, BIA 2008. But there are remaining questions. So for example, the government, as I understand them, is arguing here that there are circumstances under which somebody might forfeit the right to complain about a two-step process. Maybe this is one of them, maybe this is not one of them, but whether that distinguishes or whether there's anything about the timing in your case that's different from Nies-Chavez? Yes. The situation in pre-Pereira was that the two-step process would cure the NTA, and that the NTA would stop cancellation at the time of the NTA. So it wasn't even at the time of the NOH. It was at the time... Right, but you're not answering my question. I'm trying to find out about now. This is post-Pereira. I understand that. Right. There's a pre-Pereira, this is post-Pereira, and there's a conflict of circuits about how to deal with this two-step process that the agency believes it can undertake, and that some courts are saying, no, you can't. The statute doesn't work that way, at least for the cancellation process. Then there are questions about whether these are waivable or forfeitable issues. There are a bunch of issues in the world since Pereira. Right. So what has happened with the other circuits, not this circuit, is that they have gone back to pre-Pereira times, and really just outright overrules the Supreme Court's decision in Pereira by going back on the Supreme Court's decision and going back to pre-Pereira times. That's why I mentioned pre-Pereira. Whereas this circuit, just like the second and the ninth, should move forward and comply with the Supreme Court, and the Supreme Court will likely decide the same, that they made clear in Pereira, and they will reemphasize this again, that the change is that the NTA does not cut off cancellation, even with an NOH, because that was- Until there's a proper NTA, which might involve requiring somebody to make an objection, right? Right, because a proper NTA does cut off the time. Right. So is there a duty on the person who receives the defective NTA to call that flaw to the attention of the immigration authorities? Your Honor, pre-Pereira, there was no defect in the NTA that would allow her to apply for cancellation of removal, because that was the situation at the time. So before 2018, she could not apply for a cancellation of removal just because her NTA didn't have a date, because that was the law at the time. So that was not available to her. She could not forfeit something that it would be frivolous to do. Okay. Right, and that's why she applied right away after Pereira, immediately within the 90 days of the change in law. So you're saying as soon as she was aware that there was some issue, she brought it to their attention, I understand, to be her position, which was as close to timely as she was capable of being. Right, which is the change in law that her first opportunity to apply for cancellation. Cancellation can only be done in proceedings. And unlike Ortiz and unlike Pereira, she never had that chance before the decision. And so she could not forfeit that. And if Your Honor would decide the opposite, what you would do would be penalizing people that do try at their first opportunity to seek whatever reliefs and do it vigorously. She appeared in immigration court as she was asked to. She fought vigorously for her asylum case, even though she lost. And she did not file any frivolous applications like a cancellation, which would be frivolous at the time if she did so, because she was not eligible to, since the NTA did cut off her time. And a defective NTA was not known to be a defect at the time. Okay. I mean, mostly in review of the Seventh Circuit's decisions, the focus has been on forfeiture and waiver and exhaustion. And I think this court agrees that a non-citizen should have an opportunity. And that's all she seeks, the opportunity to apply for cancellation that the Supreme Court has given her the option to do now by changing the stop time rule. And so she did it at the first opportunity. She fully qualifies for cancellation. She can only do that in proceedings. She can't, it's not a form that you can just file it with SIS. It has to be in immigration court proceedings. She's not terminating. She's not trying to get a second bite at the apple. She wants to be in proceedings because that's the only method to apply for a cancellation. And if the court wants to effectuate the fairness and give people one opportunity and not two opportunities, that would be allowing her to apply for cancellation, which is really the goal of SCOTUS. Although it has been extrapolated to jurisdiction and as the court has held that that's only a claim processing rule, which I agree, my cases have only been limited to cancellation and removal. And we submitted an E42B application along with our motion to reopen to show that she's prune facia eligible for this relief. So we complied with all the grounds for a motion to reopen. And what's most important is that there's a change in law here, which this to apply for a motion to reopen that. All right. Thank you. If you'd like to reserve the rest of your time, we'll move to Mr. Glover. Yes, please. May I begin? Yes, you may proceed. Excuse me. May it please the court. I'm Matthew Glover and I represent respondent, the attorney general. Ms. Petitioner here has forfeited her opportunity to challenge her notice to appear. As this court explained in Ortiz Santiago, relief will be available for those who make timely objections as well as those whose time is excusable and who can show prejudice. This case is indistinguishable from the court's decision earlier this year in Chen versus Barr, which we supplied in a rule 28J letter, which explained that here as in Chen, the delay is not excusable. Jude did not challenge her notice to appear at any point during the nine years of her removal proceedings and waited some years later to challenge it in 2018. What about the argument though, particularly since we may be taking a fresh look at all of these things in light of the Supreme Court's activity, what about the argument that the law had been very well established that there was no such problem until Pereira and that she moved promptly when Pereira was decided? Just for the stop time rule, I'm not talking about jurisdiction since that's been well established at this point. Absolutely, Your Honor. My response to that, Judge Wood, would be that as the court explained in Chen, even though precedent in this circuit allowed for a two-step notice, Bowsley versus United States, which is the court cited in Chen, it's 523 U.S. 614, holds that adverse precedent and a local court of appeals does not excuse omitting a legal argument unless it is one a knowledgeable lawyer could not have imagined. But remember the context of Bowsley. Actually, it almost proves the opposite of your point because it was the case that came up in the wake of the Bailey decision where every single court of appeals had ruled that the then meeting in the statute of using a firearm was a rather broad meeting and the Supreme Court disproved that in Bailey and then Bowsley came along and allowed people to raise these points. So yes, there's language in Bowsley, but the broader context, it seems to me, is more supportive of of Ms. Chu than otherwise. Your Honor, I would have a couple of points to that. The first is that's not certainly not how the court read Bowsley in Chen and we think Chen is indistinguishable in a number of respects to this case. In Chen, the petitioner did not seek or make a prayer argument or seek cancellation until after prayer was decided long after the removal proceedings had completed. Same as here in Chen, you know, the court said that that was not excusable and I would also point out that I believe they said, you know, in the Third Circuit, some people were making a prayer-type argument a number of years before the prayer case ultimately came forward and there was no argument made here. So there's always this tendency on the part of the government to punish people for not throwing in everything, including the kitchen sink, into their arguments and I really have some of a be careful what you wish for feeling about this. You guys are going to be very busy if everybody has to scour every negative Supreme Court decision and say, oh by the way, just in case the court changes its mind, here's our argument on this. Or worse, every situation which all of the courts of appeals are against you and there's statutory language such as the language defining a notice to appear. So is this the burden the government really thinks parties have? Your Honor, I understand but again, I think that this case is near identical to Chen and if I could move to prejudice. The reason I said we might be needing to take another look at Chen itself is because a higher authority than ourselves is going to be looking at this issue and even Chen, we'll assume fine, good faith, all the rest of that may need another look. I apologize, Your Honor. I should have addressed also that second part of your question. Ms. Chavez versus Barr, at least I can't speak to what the Supreme Court will ultimately hold, but neither party is arguing forfeiture there because Petitioner Mr. Chavez did raise a Pereira type argument after Pereira when he was before the board in his initial proceeding. He was lucky with his timing then. It was after Pereira. So of course, I would certainly have no trouble finding forfeiture for somebody who missed a Pereira issue after Pereira. Understood, but I guess the point I'm trying to make is that Ms. Chavez would decide the first, will decide the first question here whether a two-step notice is appropriate for stop time, but absent argument that I don't believe is in the briefs, obviously I can't speak to what the Supreme Court will do. I don't expect that it will resolve the forfeiture point and if I could move to the third part of forfeiture as discussed in both Ortiz and in Chen, prejudice. Here, unlike Mr. Pereira in the case that went to the Supreme Court who alleged she didn't receive the date and time, Petitioner here appeared with counsel at a number of removal proceedings, acknowledged removability at the first hearing that's at AR 372 to 373 and disavowed the right to sort of have additional charges like listed with her and I believe there were about 10 or 11 hearings at which she appeared or her counsel appeared. The venue was changed a number of times between three different venues and so she can't show prejudice from the notice to appear itself not providing that date and time initially in April of 2001 because she participated in nine years worth of proceedings which is very similar to Chen which I guess was 10 years worth of proceedings and at no point did she raise it and as the court explained in Chen, the government would actually be prejudiced because had she raised the you know issues with the notice to appear then the immigration judge might have thrown it out, the government might have then um so I just I think this case is highly like Chen and also I would point out in Ortiz Santiago itself the court you know ruled on forfeiture and focused on the lack of prejudice there. Other than that if the court has no questions I'm happy to rest on our brief. All right thank you Mr. Glover. You had a little bit of time left. Yes thank you, thank you your honors. To address the the court's question more directly regarding the comparison between this case and Nisbi Chavez, the Sixth Circuit case that's pending with the Supreme Court, it is dealing with the same issue as to whether or not the service of the notice of hearing that happened after the notice to appear would have would have reinstated the stop time rule and then thus denying the petitioner of the eligibility for cancellation and that would have the impact here if that was the case but but I think um the the Sixth Circuit got it right and um the Supreme Court in Pereira also held likewise that that if that that was the situation pre-Pereira so um you're really backtracking and the government was really reaching and BIA you know likewise within the DOJ was also just really just overruling the Supreme Court and just going back on on to pre-Pereira times and we've moved forward from Pereira and to try to argue that you know and change it to another document that was served soon after the NTA is is the same is the same result with less basis because the NTA at least had a basis in the statute the NOH comes from nowhere it comes from um the the DOJ's own rules all right thank you very much I think we have your argument and thanks to both counsel the case is taken under advisement